UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Larry Mitchell, ) | Civil Action No.: 9:14-cv-04539-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Robert Stevenson, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Larry Mitchell, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petition, ECF No. 1. Respondent Warden Robert Stevenson filed a motion for summary judgment, as well as a return and supporting memorandum. *See* ECF Nos. 16 & 17. Petitioner filed a response in opposition to Respondent's motion for summary judgment. *See* ECF No. 26. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Bristow Marchant.[1] *See* R & R, ECF No. 31. The Magistrate Judge recommends the Court grant Respondent's motion for summary judgment and dismiss Petitioner's petition with prejudice. R & R at 27. Petitioner filed timely objections to the R & R. *See* Pet.'s Objs., ECF No. 33.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion, and dismisses Petitioner's petition with prejudice.

**Background**

The State of South Carolina indicted Petitioner on one count of armed robbery, alleging he approached a clerk in a convenience store and, while appearing to hold a gun underneath his clothing,

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

demanded and received money from the clerk. ECF No. 17-1 at 17-18, 115-16. Petitioner pled guilty as indicted, and the state plea court sentenced him to eighteen years' imprisonment. Petition at 1; ECF No. 17-1 at 3-40, 117. The Magistrate Judge provides a thorough summary of the procedural history of this case, with citations to the record, in the R & R. *See* R & R at 1-4. Respondent filed no objections to the R & R, and Petitioner's objections do not dispute the Magistrate Judge's rendition of the procedural history. Accordingly, finding no clear error, the Court adopts the procedural history set forth in the R & R.

Petitioner raised two grounds for relief in his § 2254 petition. *See* Petition at 5-8. In Ground One, Petitioner claimed his guilty plea was involuntary because plea counsel was ineffective for (a) failing to object to the armed robbery indictment on the basis that Petitioner was not armed, and did not appear to be armed, with a deadly weapon at the time of the robbery; and (b) misrepresenting Petitioner's mental history at the plea hearing and mishandling the issue of Petitioner's mental health throughout the course of representation. *Id.* at 3; ECF No. 1-4 at 5-8. In Ground Two, Petitioner asserted his appellate counsel was ineffective for failing to perfect Petitioner's appeal. Petition at 7; ECF No. 1-4 at 8. The Magistrate Judge addressed Grounds One and Two in detail and recommended granting Respondent's motion for summary judgment as to both grounds. R & R at 5-27.

## Standard of Review

**I.     Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## II.     28 U.S.C. § 2254 Habeas Standard

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 governs review of his claims.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams*

3

*v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the AEDPA, a federal court must afford a state court's decision "deference and latitude that are not in operation when the case" is being considered on direct review. *Harrington*, 562 U.S. at 101. Federal review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 98 (observing "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102.

In other words, to obtain habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "guard against extreme

malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal quotation marks omitted).

### III.     *Strickland* Test for Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88; *see also Harrington*, 562 U.S. at 105 ("Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)."). Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the guilty plea context, the inquiry regarding counsel's alleged deficiency hinges on whether the defendant knowingly, voluntarily, and intelligently entered his plea. *See id.* at 56 (stating that when "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases" (internal quotation marks omitted)). The prejudice component "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59 ("In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

### IV.     **Relationship Between § 2254(d) and *Strickland***

"The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the

two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks and citations omitted). Consequently, when applying § 2254(d) to an ineffective assistance of counsel claim, the Court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## Discussion

Petitioner's specific objections relate only to that portion of the R & R in which the Magistrate Judge recommended Ground One of the petition be denied and dismissed with prejudice.[2] Pet.'s Objs. at 3-6, 8-9; *see* R & R at 5-20 (Magistrate Judge's recommendation as to Ground One). Accordingly, the Court confines its de novo review to the Magistrate Judge's recommended disposition of Ground One. *See* 28 U.S.C. § 636(b)(1); *Mathews*, 423 U.S. at 270-71.

As stated above, Petitioner claimed in Ground One of his petition that his guilty plea was rendered involuntary due to plea counsel's ineffective assistance, specifically counsel's (a) failure to object to the deadly weapon element of the armed robbery indictment and (b) misrepresentation of Petitioner's mental history at the plea hearing and mishandling of Petitioner's mental health throughout the course of representation. *Id.* at 3; ECF No. 1-4 at 5-8. Petitioner raised these claims in his state post-conviction relief (PCR) application; the state PCR court rejected them; and the South Carolina Court of Appeals denied certiorari on Petitioner's *Johnson*[3] appeal of the PCR court's decision. *See* ECF No. 17-1 at 43-51 (Petitioner's PCR application), 104-114 (PCR court's order); ECF No. 17-7

---

[2]  Petitioner lists three objections; his first and third objections are specific and relate to Ground One. Pet.'s Objs. at 3-9. As for Petitioner's second objection, he states he "objects to the magistrate court's [*sic*] factual and legal deference to the state court's finding." *Id.* at 7. This objection is "general and conclusory" and does "not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano*, 687 F.2d at 47.

[3]  *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988) (providing the procedures for filing meritless appeals in PCR cases pursuant to *Anders v. California*, 386 U.S. 738 (1967)).

(Court of Appeals' order). The Court therefore agrees with the Magistrate Judge that Petitioner exhausted his state remedies for Ground One as required by 28 U.S.C. § 2254(b)(1)(A) and that it is ripe for adjudication in federal court. *See* R & R at 5.

**I.     Plea Counsel's Failure to Object to the Armed Robbery Indictment**

In the first part of Ground One, Petitioner claims plea counsel was ineffective for not objecting to the armed robbery indictment on the basis that the State could not prove a requisite element of armed robbery, namely that Petitioner was neither armed with a deadly weapon nor gave such an impression to the victim.[4] Petition at 5; ECF No. 1-4 at 6-8. After reviewing the record in great detail, the Magistrate Judge concluded summary judgment was proper on Petitioner's claim. R & R at 5-20. Petitioner objects to the Magistrate Judge's conclusion, arguing the state court record does not establish that he appeared to be armed with a deadly weapon during the robbery, and therefore, there is a genuine issue of material fact as to whether plea counsel was ineffective for not objecting to the armed robbery charge against Petitioner. Pet.'s Objs. at 5-6.

The Court finds that, contrary to Petitioner's objection, the state court record contains sufficient evidence or facts to support the claim that Petitioner alleged, by his actions, that he was armed with a deadly weapon while robbing the convenience store. In denying Petitioner relief, the state PCR court relied on the transcript from the plea hearing and the testimony presented at the PCR hearing. ECF No. 17-1 at 104-14. The PCR court found that at the plea hearing, the solicitor referred to Petitioner's

---

[4]     Under South Carolina law, "[a]rmed robbery occurs when a person commits robbery while *either armed with a deadly weapon or alleging to be armed by the representation of a deadly weapon*." *State v. Mitchell*, 382 S.C. 1, 4, 675 S.E.2d 435, 437 (2009) (emphasis added) (citing S.C. Code Ann. § 16-11-330 (2003)); *see also State v. Muldrow*, 348 S.C. 264, 267-68, 559 S.E.2d 847, 849 (2002) ("[T]he State may prove armed robbery by establishing the commission of a robbery and either one of two additional elements: (1) that the robber was armed with a deadly weapon or (2) that the robber alleged he was armed with a deadly weapon, either by action or words, while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon.").

written confession (given to law enforcement) in which he conceded it was possible that the convenience store clerk reasonably believed Petitioner was armed based on Petitioner's representations during the robbery.[5]  *Id.* at 111.  The PCR court found that at the PCR hearing, plea counsel credibly testified that based on a statement that the store clerk gave police and on an interview that plea counsel had with an eyewitness to the robbery, it would have been a jury question regarding whether Petitioner was armed or appeared to be armed.  *Id.* at 110, 112; *see generally Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1)).  Evaluating these facts and applying *Strickland*, the PCR court determined plea counsel was not deficient for not objecting to the armed robbery indictment, given that the State had evidence showing armed robbery was the proper charge brought against Petitioner, and concluded Petitioner was not otherwise prejudiced as a result of counsel's alleged deficiency.  ECF No. 17-1 at 106-112.

A review of the state court record confirms the accuracy of the PCR court's summary of the facts presented at the plea hearing and the PCR hearing.  *See* ECF No. 17-1 at 17-21 (solicitor's recitation of the facts at the plea hearing); *id.* at 84, 92-93, 95 (plea counsel's PCR testimony).  The Court agrees with the Magistrate Judge that Petitioner has not shown the PCR court's findings were contrary to or unreasonable under the *Strickland* standard, or that they were based upon an unreasonable determination of the evidence presented to the PCR court.  Accordingly, the Court finds Petitioner is not entitled to federal habeas relief on his claim that plea counsel was ineffective for failing to object to the armed robbery indictment, and the Court overrules Petitioner's objection.

---

[5]  The plea transcript shows Petitioner informed the plea court that he did not disagree with the solicitor's recitation of the facts.  ECF No. 17-1 at

## II.  Petitioner's Mental Health

In the second part of Ground One, Petitioner claims plea counsel was ineffective for misrepresenting Petitioner's mental health history at the plea hearing and for mishandling Petitioner's mental health throughout the course of representation. Petition at 3; ECF No. 1-4 at 5-8. Petitioner maintains that as a result of counsel's alleged ineffectiveness, his guilty plea was involuntary. Petition at 3. The Magistrate Judge examined Petitioner's allegations and concluded the PCR court's decision rejecting Petitioner's claims was neither contrary to nor an unreasonable application of clearly established federal law and was not an unreasonable determination of the facts. R & R at 5-20. Petitioner objects to the Magistrate Judge's recommendation in two regards. Pet.'s Objs. at 3-5, 8-9. First, Petitioner argues his "attorney did not object to the trial court's plea colloquy when the judge did not ascertain whether or not the Petitioner was under the influence of drugs or medication or in need of drugs or medication." *Id.* at 4. Second, Petitioner asserts there is a genuine issue of material fact regarding whether plea counsel failed to inform the plea court about the results of one of Petitioner's mental evaluations. *Id.* at 5, 8.

### A.  Petitioner's First Argument

The Court finds Petitioner's first argument is an attempt to present an issue that was not specifically raised in his § 2254 petition. *See Keith v. Warden, Lieber Corr. Inst.*, No. 1:11-CV-02477-RMG, 2012 WL 3134282, at *2 n.1 (D.S.C. Aug. 1, 2012) (noting a federal district court need not consider a claim raised for the first time in a habeas petitioner's objections to an R & R). Even if Petitioner had raised the specific issue in his habeas petition (which he did not), the Court could not consider it because it is procedurally barred from review. The issue—that counsel was ineffective for not objecting to the portion of the plea colloquy dealing with whether Petitioner was under the

influence of drugs or in need of medication—is procedurally defaulted because it was not addressed by the PCR court in its order of dismissal, and Petitioner did not file a motion for reconsideration requesting a ruling. Consequently, the Court of Appeals would not have reviewed the issue, *see Marlar v. State*, 375 S.C. 407, 410, 653 S.E.2d 266, 267 (2007) (stating that if the PCR court does not rule on an issue and the PCR applicant does not file a motion for reconsideration pursuant to Rule 59(e), SCRCP, requesting a ruling, the issue is not preserved for appellate review), even under the *Johnson* procedure used for Petitioner's PCR appeal. *See Jamison v. State*, 410 S.C. 456, 466, 765 S.E.2d 123, 128 (2014) (explaining that under the *Johnson* procedure—which is equivalent to the *Anders* procedure—used by South Carolina appellate courts for review of meritless PCR appeals, "an appellate court is required to review the entire record . . . for any *preserved* issues with potential merit"; and noting an appellate court will not consider the merits of an unpreserved claim).

Furthermore, Petitioner has not shown cause for the default and resulting prejudice, or that the failure to address the claim on the merits will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."). Consequently, Petitioner's first argument is barred from habeas review, and the Court overrules this portion of Petitioner's objection.

### B.    Petitioner's Second Argument

Petitioner's second argument concerns an alleged mental competency evaluation that plea counsel failed to disclose to the plea court. Pet.'s Objs. at 5-6, 8. Petitioner maintains a "second mental

competency evaluation conducted on Petitioner . . . directly bears on the mental and physical disabilities which affected Petitioner's ability to proceed with the plea." *Id.* at 5.  He claims the state court record contains "unrefuted evidence that this second evaluation took place and . . . gives credence to Petitioner's assertions that the evaluation" showed he was in need of medication at the time of his plea hearing.  *Id.*  The Court finds Petitioner's second argument has no merit.

As noted by the Magistrate Judge, the PCR court considered Petitioner's and plea counsel's testimony at the PCR hearing relating to the alleged second mental evaluation.  ECF No. 17-1 at 108-09. Petitioner testified he had two mental competency evaluations before the plea hearing, indicating the South Carolina Department of Mental Health performed both of them.  *Id.* at 68-69.  He acknowledged the first evaluation showed he was competent to stand trial, but claimed the second evaluation produced different results.  *Id.*  He testified plea counsel withheld information from the plea court regarding the alleged second evaluation, the results of which would have raised serious questions about Petitioner's competency.  *Id.*  Meanwhile, plea counsel testified the Department of Mental Health screened Petitioner before the plea hearing and found him mentally competent to stand trial.  *Id.* at 87.  Plea counsel also opined that on the morning of the plea, he had a "very lucid conversation with" Petitioner, felt Petitioner was competent, and "didn't think that there was any question that [Petitioner] knew what he was doing."  *Id.* at 87-88.  The PCR court found plea counsel's testimony credible and Petitioner's testimony not credible, and concluded Petitioner did not prove a secondary mental evaluation was in fact performed or that the results of that alleged evaluation would have affected Petitioner's decision to plead guilty.  *Id.* at 109; *see Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) (noting federal courts must give deference to state court credibility findings).  Based on these findings, the PCR court applied *Strickland* and concluded plea counsel was not ineffective for failing to provide the plea court

11

with the results of the alleged second mental evaluation. *Id.*

The Court has carefully considered Petitioner's argument concerning the alleged second mental evaluation and conducted a de novo review of the Magistrate Judge's thorough summary of the PCR court's findings. Having done so, the Court reaches the same conclusion as the Magistrate Judge—that the state PCR court's rejection of Petitioner's claim of ineffective assistance of counsel regarding the failure to produce the results of the alleged second evaluation (the occurrence of which Petitioner never proved) was not contrary to or unreasonable under the *Strickland* standard, nor involved an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Accordingly, the Court rejects Petitioner's second argument and adopts the Magistrate Judge's recommendation as to Ground One.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and the applicable law. The Court has conducted a de novo review of the

portions of the R & R to which Petitioner specifically objects, and it finds no merit in his objections. For the reasons stated in the Court's order and the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates by reference the R & R [ECF No. 31].

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [ECF No. 16] is **GRANTED** and that Petitioner's habeas petition [ECF No. 1] is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


Florence, South Carolina                             s/ R. Bryan Harwell
September 8, 2015                                    R. Bryan Harwell
                                                     United States District Judge